# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __TEXAS__

UNITED STATES OF AMERICA

V.

United States District Court
Southern District of Texas
FILED

MAY 1 6 2016

Clerk of Court

Brandon Lamar ANDERSON
USC; YOB: 1993

**CRIMINAL COMPLAINT**

Case Number: M-16-0923-M

I, Christopher Sullins, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief.  On or about ___May 14, 2016___ in ___Hidalgo___ County, in
(Date)

the ___Southern___ District of ___Texas___ the defendant(s) did,

Possess a firearm, with prior felony conviction(s) *in or affecting interstate or foreign* firearm

in violation of Title ___18___ United States Code, Section(s) ___922(g)(1)___ .

I further state that I am a(n) ___Special Agent___ and that this complaint is based on the
Official Title

following facts:

See Attachment "A"

Continued on the attached sheet and made a part of this complaint:  ☒ Yes  ☐ No

Robert Guerra
Approval

Signature of Complainant

Christopher Sullins, HSI Special Agent
Printed Name of Complainant

Sworn to before me and signed in my presence,

___May 16, 2016___                              at    McAllen, Texas
Date                                                              City and State

U.S. Magistrate Judge Dorina Ramos
Name and Title of Judicial Officer

Signature of Judicial Officer

**Attachment "A"**

On May 14, 2016, at approximately 1:30PM, Border Patrol Agent (BPA) Marron was working highway duties on Expressway 281 in San Manuel, Texas. BPA Marron observed a white 2007 Nissan Altima (with temporary Texas license plate 13G113) travelling slower than other traffic and the rear end appeared to be weighed down. Although the windows were tinted, it also appeared to BPA Marron that the passenger attempted to conceal himself. BPA Marron attempted to catch up to the vehicle to further investigate. When BPA Marron got close, the vehicle slowed to well under the posted speed limit. BPA Marron then had a check ran on the temporary license plate, and found it was registered to Houston, Texas. Due to many facts that lead BPA Marron to believe an immigration violation was being committed, he performed a traffic stop.

The driver, Davonte Deon WILLIAMS stated the vehicle belonged to a friend. BPA Marron asked where WILLIAMS was coming from, to which he responded "I was visiting family." BPA Marron asked what city his family lived in, and WILLIAMS responded "I don't know." BPA Marron asked the passenger, Brandon Lamar ANDERSON how he knew the driver, to which ANDERSON responded "He's my brother." BPA Marron obtained a Texas drivers license from WILLIAMS and the name, Date of Birth, and Social Security number from ANDERSON (as he stated he did not have identification). BPA Marron conducted checks on the subjects via radio. Radio informed BPA Marron that WILLIAMS had a positive "want", should be considered armed and dangerous, and had an extensive criminal history (including charges for evading and resisting arrest). Radio informed that Harris County (the holder of the want) stated BPA's should search WILLIAMS as he was suspected of having a firearm in his possession, and that they would like to be informed if a firearm was found. Radio also informed that ANDERSON had a positive criminal history, including a felony conviction.

BPA Marron and BPA Fastaia removed WILLIAMS and ANDERSON from the vehicle. ANDERSON hesitated in following commands out of the vehicle. BPA's, in belief that WILLIAMS would be arrested for a warrant, then checked the vehicle. In a compartment below the radio, BPA Marron located a Lorcin Model L380 .380 caliber handgun (serial number 316022), with a magazine inserted. A further search of the vehicle revealed two undocumented aliens in the trunk. ANDERSON and WILLIAMS were conveyed to the Weslaco Border Patrol Station.

At the Weslaco Border Patrol station, while BPA Marron was conducting an inventory on ANDERSON's property, he asked who the gun belonged to. ANDERSON stated "That's my gun." BPA Marron then asked ANDERSON again if he was sure the gun belonged to him, to which ANDERSON replied "Yeah, that's my gun." Both subjects subsequently invoked their right to counsel. The want from Harris County was later found to be an officer safety notation, not a warrant, and that Harris County would not extradite WILLIAMS unless he had acquired 5 or more notifications. According to NCIC, ANDERSON was convicted of a crime punishable

*Initial research indicates the firearm was manufactured outside the State of Texas*

by imprisonment for a term exceeding one year, namely, the felony offense of Unauthorized Use of a Motor Vehicle on March 27, 2014 in Harris County, Texas.